UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80304-CIV-CANNON/Reinhart

**NANCY BIHARY**,

    Plaintiff,
v.

**KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon the parties' Cross Motions for Summary Judgment and the Report and Recommendation on those Cross Motions [ECF Nos. 21, 27]. The Court referred the Cross Motions to Magistrate Judge Bruce E. Reinhart for a report and recommendation [ECF No. 2]. On February 20, 2024, Judge Reinhart issued a combined Report, recommending that Plaintiff's Motion for Summary Judgment be denied, and that Defendant's Motion for Summary Judgment be granted [ECF No. 33]. Neither party has filed objections to the Report, and the time to do so has expired [ECF Nos. 33–34]. The Court has reviewed the Report and the full record. Upon review, the Report [ECF No. 33] is **ACCEPTED**.

### BACKGROUND

On June 2, 2022, Administrative Law Judge Debra J. Denney (the "ALJ") denied Plaintiff Nancy Bihary's ("Plaintiff") applications for disability insurance benefits and supplemental security income [ECF No. 6 p. 95]. Plaintiff thereafter petitioned the Social Security Administration Appeals Council ("Appeals Council") to review the ALJ's decision [ECF No. 6 p. 10]. On November 18, 2022, the Appeals Council determined that Plaintiff's

request for review and submission of additional evidence did not provide an adequate basis to alter the ALJ's decision [ECF No. 6 p. 6, 10–13]. Plaintiff then initiated this civil action, seeking review of the ALJ's decision under 42 U.S.C. § 405(g) along with various forms of relief, including monthly maximum insurance benefits retroactive to the date of initial disability, or, in the alternative, an order remanding this matter for reconsideration of the evidence [ECF No. 1 pp. 3, 5].

Pursuant to Magistrate Judge's Scheduling Order, Plaintiff and Defendant each filed a Motion for Summary Judgment [ECF Nos. 21, 27]. After full briefing [ECF Nos. 26, 30, 31], Judge Reinhart issued the instant Report and Recommendation, to which neither party objects [ECF No. 33].

## LEGAL STANDARDS

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

When reviewing administrative decisions by Defendant, courts "must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.

CASE NO. 23-80304-CIV-CANNON/Reinhart

1983) (citing 42 U.S.C. § 405(g)). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## DISCUSSION

Following review, the Court finds no clear error of law or fact in the Report. The Report accurately notes that, contrary to Plaintiff's suggestion, the ALJ adequately considered Plaintiff's degenerative disk disease, lung nodules, dysphagia with stress, and sinusitis [ECF No. 33 p. 15]. The Report also correctly determines that the record contains substantial evidence to support the ALJ's determination that the state consultants' opinions were inconsistent with the record and therefore unpersuasive [ECF No. 33 p. 17]. Finally, the Report sufficiently addresses the substantial record evidence supporting the ALJ's conclusion that Plaintiff could tolerate frequent interaction with others [ECF No. 33 p. 20].

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 33] is **ACCEPTED**.
2. Plaintiff's Motion for Summary Judgment [ECF No. 21] is **DENIED.**
3. Defendant's Motion for Summary Judgment [ECF No. 27] is **GRANTED.**
4. Final judgment will be entered separately pursuant to Rule 58 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 58.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 11th day of March 2024.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record